ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **GÉNESIS SECURITY SERVICES, INC.,**<br><br>Recurrente<br><br><br>v.<br><br><br>**MUNICIPIO DE CANÓVANAS; JUNTA DE SUBASTAS**<br><br>Recurrido | TA2026RA00214 | **REVISIÓN** procedente de la Junta de Subastas del Municipio de Canóvanas<br><br>Adjudicación de Solicitud de Propuesta: **0021-2025-2026**<br><br>Sobre: Servicios de Guardia de Seguridad en Centro la Ceiba Early Head Stard & Head Stard |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante nosotros, Génesis Security Services, Inc. (Génesis o parte recurrente) e impugna la *Resolución* emitida y notificada el 15 de abril de 2026, por la Junta de Subastas del Municipio de Canóvanas (Junta de Subastas o parte recurrida). Mediante la misma, se adjudicó la *buena pro* del RFP Núm. 0021-2025-2026 a Bridge Security, Inc.

Ahora bien, a poco examinar el dictamen recurrido, nos percatamos que la Junta de Subastas no cumplió con las obligaciones que el debido proceso de ley exige para toda notificación de adjudicación de subasta o RFP. En vista de ello, nos vemos precisados a revocar la *Resolución* y devolver el caso a la Junta de Subastas para que emita y notifique su dictamen a tenor con los requisitos legales correspondientes.

**I.**

El 11 de marzo de 2026, el Municipio de Canóvanas (Municipio) publicó un *Aviso Público* en el cual informó que estaría recibiendo ofertas para el RFP Núm. 0021-2025-2026, sobre la contratación de servicios de guardia de seguridad en el Centro La Ceiba, Programa Head Start and Early Head Start.[1]  Los siguientes licitadores sometieron sus respectivas propuestas:

a)  JOM Security Services, Inc.;

b)  Bridge Security, Inc.;

c)  Unique Security, Corp.; y

d)  Génesis Security Services, Inc.

Luego de analizar las propuestas presentadas basados en el pliego anunciado, conforme a los principios establecidos en el 2 CFR sec. 200.319 y considerando la recomendación de la directora del Programa Head Start, la Junta de Subastas determinó adjudicar el RFP en cuestión a Bridge Security.  La directora opinó que la oferta de dicha compañía era la más ventajosa y la de menor costo para el Municipio.

La Junta de Subastas incluyó en su determinación la siguiente tabla de cómo fueron evaluadas las propuestas:

| Criterio | Puntuación | Bridge Security | JOM Security | Unique Security | Genesis Security |
|---|---|---|---|---|---|
| Experiencia, capacidad y competencia | 50% | 46% | 38% | 35% | 41% |
| Descripción de Servicio | 35% | 31% | 25% | 19% | 34% |
| Honorarios | 15% | 15% ($13.95/h) | 12% ($14.90/h) | 14% ($14/h) | 10% ($15.21/h) |
| Total | 100% | 92% | 75% | 68% | 85% |

---

[1] El 18 de marzo de 2026 se enmendó el pliego para incluir una fecha y las puntuaciones que se les otorgarían a los criterios de evaluación.

En la notificación de adjudicación que hoy atendemos, la Junta de Subastas expresó que, las propuestas recibidas cumplieron con los requisitos mínimos presentados en los pliegos de especificaciones para poder considerar su licitación y los costos fueron razonables.

En desacuerdo con la decisión emitida, Génesis recurre ante nos y, en su escrito, plantea que el ente administrativo cometió los siguientes errores:

> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE CANÓVANAS AL ADJUDICAR UNA PROPUESTA CUYOS PLIEGOS NO CUMPLEN MÍNIMAMENTE CON LOS REQUISITOS FEDERALES Y ESTATALES APLICABLES.
>
> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE CANÓVANAS PUES LA RESOLUCIÓN DE ADJUDICACIÓN INCUMPLE CON LOS REQUISITOS ESTABLECIDOS, POR LEY Y JURISPRUDENCIA, SOBRE EL CONTENIDO DE LA MISMA, EN CONTRAVENCIÓN AL DEBIDO PROCESO DE LEY.
>
> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE CANÓVANAS AL ADJUDICAR LA PROPUESTA A BRIDGE SECURITY, REDUCIENDO ARBITRARIAMENTE LA PUNTUACIÓN DE GÉNESIS SECURITY SERVICES, INC., EN EL RENGLÓN DE "EXPERIENCIA, CAPACIDAD Y COMPETENCIA" ELLO CON EL PROPÓSITO DE JUSTIFICAR OTORGAR LA *BUENA PRO* AL PROPONENTE MÁS ECONÓMICO.

El 23 de mayo de 2026, la Junta de Subasta del Municipio de Canóvanas presentó su alegato en oposición. Procedemos a resolver.

## II.

En nuestra jurisdicción, la contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *St. James Sec. v. AEE*, 213 DPR 366, 377 (2023), citando a *SLG Ortiz-Mateo v. ELA*, 211 DPR 772 (2023) y otros.

La subasta tradicional y el requerimiento de propuestas (*Request for Proposal o RFP*) son métodos mediante los cuales, tanto

el gobierno central, como el municipal, adquieren bienes y servicios para así proteger el erario y garantizar que se realicen sus funciones administrativas responsablemente. *St. James Sec. v. AEE, supra; R&B Power v. ELA*, 170 DPR 606, 621 (2007).[2] A través de ambos mecanismos, se procura conseguir "los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). En la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.* Véase, además, *De Jesús González v. A.C.*, 148 DPR 255, 267-268 (1999).

En el caso de los municipios, la subasta tradicional y el requerimiento de propuestas (*Request for Proposal*)[3], realizadas por la Junta de Subastas, se encuentran gobernados por la Ley Núm. 107 del 14 de agosto de 2020, conocida como el *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*, según enmendada, (Ley Núm. 107-2020)[4] y el *Reglamento para la Administración Municipal de 2016* (Reglamento Núm. 8873).[5] El derecho de revisión judicial que poseen los licitadores se encuentra de igual manera regulado por dichos cuerpos normativos y su jurisprudencia interpretativa.

---

[2] Un requerimiento de propuestas "participa de características adjudicativas de la misma forma que la subasta tradicional". *R&B Power v. ELA, supra*, pág. 624. Ahora bien, debido a su naturaleza informal y flexible, y la erogación de fondos públicos que implica, es importante que su uso no se convierta en la norma como un escape a la competencia secreta de la subasta tradicional. *Íd.*, pág. 625. El *RFP* es comúnmente utilizado cuando se trata de bienes o servicios especializados que involucran aspectos altamente complejos o cuando existen escasos competidores cualificados. *ECA Gen. Contrac. v. Mun. de Mayagüez*, 200 DPR 665, 674 (2018); *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 345 (2016). Nuestra jurisprudencia ha destacado que del *RFP* deben surgir "los requerimientos, los términos y las condiciones, así como los factores que han de considerarse en la evaluación para la adjudicación de la subasta". *Íd.*, pág. 346.

[3] El *Request for Proposal* se diferencia de la subasta habitual por ser un procedimiento excepcional, informal y flexible que permite al oferente negociar con el gobierno central o municipal y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531-532 (2019).

[4] Antes Ley Núm. 81-1991, según enmendada, conocida como la *Ley de Municipios Autónomos de Puerto Rico*, 21 LPRA sec. 4001 *et seq.*

[5] Reglamento Núm. 8873 del 19 de diciembre de 2016 de la Oficina del Comisionado de Asuntos Municipales, conocido como Reglamento para la Administración Municipal de 2016.

En lo concerniente al asunto ante nuestra consideración, el Artículo 2.040(a) de la Ley Núm. 107-2020, relacionado a las funciones y deberes de la Junta de Subastas, dispone que:

[...]

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.[6]

21 LPRA sec. 7216.[7] (Énfasis nuestro).

Por otro lado, el Reglamento Núm. 8873 detalla la información requerida en cada aviso de adjudicación de subasta o requerimiento de propuesta; a saber:

Sección 13: Aviso de Adjudicación de Subastas

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

b) **síntesis de las propuestas sometidas;**

---

[6] La Ley Núm. 23-2023, añadió un inciso (f) al Artículo 1.050 de la Ley Núm. 107-2020. En lo que nos atañe, dicho inciso expone:

[...]

El Tribunal de Apelaciones revisará el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en autos de la copia de la notificación y a partir de que fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio.

[7] Resulta pertinente señalar que la Ley Núm. 170 del 30 de diciembre de 2020 enmendó los incisos (a) y (e)(7) del Art. 2.040 de la Ley Núm. 107-2020, con el propósito de añadir como opción la notificación vía correo electrónico.

c) factores o criterios que se tomaron en cuenta para adjudicar la subasta **y razones para no adjudicar a los licitadores perdidosos;**

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

Parte II, Secc. 13(3) del Reglamento Núm. 8873, *supra.* (Énfasis nuestro).

En *PR Eco Park et al. v. Mun. de Yauco, supra*, pág. 537, el Tribunal Supremo de Puerto Rico expresó que,

… [P]ara que la notificación de adjudicación de la Junta de Subastas sea adecuada, esta tiene que cumplir con varios requisitos de carácter jurisdiccional. Esto es, la notificación de la adjudicación de la Junta de Subastas solo será correcta si: (1) es por escrito; (2) es enviada a los licitadores por correo regular y certificado con acuse; (3) advierte a los participantes el derecho a solicitar la revisión judicial ante el Tribunal de Apelaciones; (4) indica que el término de diez días para ir en alzada es de carácter jurisdiccional; (5) señala, además, dos fechas fundamentales, a saber: (i) la del archivo en auto de la copia de la notificación de adjudicación y (ii) la relacionada con el depósito de la notificación en el correo y que a partir de esta última es que se activa el plazo para acudir al Tribunal de Apelaciones.[8]

De otra parte, para que un tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo**, es imprescindible exigir que ella esté fundamentada, aunque sea de forma sumaria.** *Puerto Rico Asphalt v. Junta*, 203 DPR 734 (2019) (Sentencia), citando a *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 877–888 (1999) (Énfasis nuestro). Además, una notificación fundamentada permite que los tribunales puedan "revisar efectivamente los fundamentos para determinar si la determinación

---

[8] Es ineludible consignar que a partir de ese instante se activa el plazo jurisdiccional de diez días para solicitar la revisión judicial al foro apelativo intermedio. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.

de la junta ha sido arbitraria, caprichosa o irrazonable", más aún en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos. *L.P.C. & D., Inc. v. A.C., supra*, a la pág. 879.

En armonía con lo anterior, recordemos que el derecho a cuestionar una subasta adjudicada es parte del debido proceso de ley. Por tanto, resulta indispensable que la notificación sea apropiada a todas las partes que les asiste tal derecho. La correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito *sine qua non* de un ordenado sistema *cuasijudicial.* Su omisión puede conllevar graves consecuencias.

**III.**

En el caso ante nuestra consideración, la Junta de Subastas le adjudicó la *buena pro* del RFP 0021-2025-2026 a Bridge Security. Discutiremos con carácter prioritario el segundo señalamiento de error levantado por Génesis por ser de carácter jurisdiccional.

En síntesis, Génesis arguye que la notificación de la adjudicación, emitida por la Junta de Subastas del Municipio de Canóvanas, resulta inoficiosa por incumplir con los requisitos establecidos por la ley y la jurisprudencia aplicable.

Analizado el expediente ante nuestra consideración, colegimos que procede la revocación de la adjudicación del RFP de referencia por falta en el contenido de la notificación. La Junta de Subastas del Municipio de Canóvanas no fundamentó correctamente la adjudicación al licitador agraciado. *Puerto Rico Asphalt v. Junta, supra*; *L.P.C. & D., Inc. v. A.C., supra.*

En específico, la Junta de Subastas no incluyó un resumen fehaciente de las propuestas de cada licitador, ni abundó sobre puntuaciones o el análisis para contrastar las propuestas de cada licitador participante. Además, no se detallan o presentan comparaciones en cuanto a los criterios de evaluación de las

propuestas de los licitadores, como lo son: la experiencia, capacidad y competencia asociadas al servicio requerido, descripción de los servicios acorde a la necesidad y los honorarios. Aunque la *Resolución* hace alusión a los por cientos totales obtenidos por los licitadores, no surge algún desglose de cómo estos fueron adjudicados. Por último, la Junta de Subastas tampoco explicó en qué consistió el análisis que realizó "conforme a los principios establecidos en el 2 CFR sec. 200.319". Según nuestro estado de derecho, no bastaba con incluir planteamientos generales sobre las propuestas de cada uno de los licitadores, sino que era imperativo que la Junta de Subastas incluyera una síntesis de todas en su dictamen.

El cúmulo de lo anterior le impide al licitador no agraciado poder cuestionar, con conocimiento de causa, las razones por las cuales se llegó a la determinación que hoy revisamos. Por igual, la ausencia de la información mínima requerida en la notificación priva a este foro revisor de los elementos necesarios para considerar si la determinación recurrida resulta arbitraria o no. El incumplimiento por parte de la Junta de Subastas provocó que la notificación emitida no se pueda considerar como una adecuada, válida y efectiva.

Debido a la inobservancia de los postulados que gobiernan el asunto ante nuestra consideración, nos vemos precisados a revocar la determinación concernida. Devolvemos el caso a la Junta de Subastas del Municipio de Canóvanas, para que emita un dictamen que se atempere a todos los requerimientos instituidos por nuestro ordenamiento jurídico y lo notifique nuevamente a los licitadores.

Ante lo enunciado, invitamos a la Junta de Subastas a que, al momento de pronunciar una nueva notificación de adjudicación, lo haga en estricto cumplimiento con los requisitos aplicables, conforme con el debido proceso de ley.

La conclusión a la que hoy arribamos torna innecesaria la discusión de los demás señalamientos de error.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Resolución* recurrida y devolvemos el caso a la Junta de Subastas del Municipio de Canóvanas para que actúe conforme lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones